UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LATISHA WASHINGTON | § § | |
| VS. | § § | C.A. 5:21-cv-17 |
| JEFFERY WYGUL and VILLAGE TRAVEL, LLC | § § § | Removed from 49TH District Court of Webb County, Texas |

### DEFENDANTS' JOINT NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendants, Jeffery Wygul and Village Travel, LLC file this Notice of Removal and state:

### I.
### PROCEDURE BACKGROUND

1. Plaintiff filed this action in state district court, styled Cause No. 2021CVA000042D1; *Latisha Washington vs. Jeffery Wygul and Village Travel, LLC.* in the 49th District Court of Webb County, Texas. Defendant Jeffery Wygul was served with a copy of the original petition ("Complaint") and citation on January 14, 2021.[1] Defendant Village Travel, LLC was served with a copy of the original petition ("Complaint") and citation on January 26, 2021,[2] although an Affidavit of Service filed with the Webb County, Texas District Clerk that indicates that a Village Travel, LLC representative was served on January 22, 2021.[3] A copy of the Complaint is attached and incorporated by reference as Exhibit 1 to Exhibit A for the sole

---

[1] Exhibit C-3, Affidavit of Service for Jeffery Wygul.
[2] Exhibit A, Affidavit of Jeffrey Arensdorf.
[3] Exhibit C-4, Affidavit of Service for Village Travel, LLC.

1

purpose of showing the basis for federal jurisdiction. This case is timely removed under 28 U.S.C. § 1446(b).

2. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

3. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit C.

4. Pursuant to 28 U.S.C. §1446(d), promptly after Defendants file this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

5. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this notice will be filed with District Clerk of Webb County, Texas, promptly after Defendants file this Notice.

6. Both Defendants consent to removal.

7. Plaintiff requested a trial by jury in her Original Petition.

## II.
## NATURE OF SUIT

8. Plaintiff's Original Petition in the state court action alleges that Plaintiff Latisha Washington was injured when Defendant Wygul lost control of the bus he was operating in the course and scope of his employment with Defendant Village Travel, LLC.[4] Plaintiff claims substantial and ongoing injuries to her neck, back and other parts of her body, for which she seeks a variety of elements of compensatory damages, including past and future medical expenses, past and future loss of earnings, past and future physical pain and suffering and mental anguish, past and future impairment, past and future disfigurement, and exemplary damages.[5]

---

[4] Exhibit 1 to Exhibit A, Affidavit of Jeffrey Arensdorf, Exhibit A, *Plaintiff's Original Petition* ¶ 9.
[5] *Id.* at ¶9 and Prayer.

### III.
### TIMING OF REMOVAL

9. This notice is filed within 30 days of receipt of Plaintiff's Original Petition as referenced in Exhibit C-3 (Affidavit of Service) by Defendant Wygul, which is the paper from which it could first be ascertained that the case was removable by Defendant Wygul.[6] Further, Village Travel, LLC was served no earlier than January 22, 2021 based on Exhibit C-4 (Affidavit of Service Regarding Village Travel, LLC).[7] This notice of Removal is timely under 28 U.S.C. § 1446(b), as it being filed within thirty days of the receipt of Plaintiff's Petition by either Defendant (much less the last served Defendant). Section 1446(b)(2)(A) provides that when a removal is based on diversity of citizenship, "all defendants who have been properly joined and served must join in or consent to the removal of the action." All Defendants consent to this removal as indicated by the signature of their counsel below and file this joint removal.

### IV.
### COMPLETE DIVERSITY OF CITIZENSHIP

10. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332. The case may be removed to this Court under 28 U.S.C. § 1441. Plaintiff is a citizen of Florida, as shown in the Original Petition. Neither Defendant is/was a Texas citizen at the time of the alleged injury causing event, the filing of the suit in state Court or at the time of removal.

11. Village Travel, LLC is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business and executive leadership in Wichita, Kansas.[8] The citizenship of a limited liability company ("LLC") for diversity purposes is determined by the citizenship of each of its members, rather than by the state under whose

---

[6] Ex. C-3, Affidavit of Service for Jeffery Wygul.
[7] Ex. C-4, Affidavit of Service for Village Travel, LLC.
[8] Exhibit A, Affidavit of Jeffrey Arensdorf.

3

laws the LLC is organized or where it has its principal place of business.[9] Village Travel, LLC has one member, Jeffrey Arensdorf.[10] Jeffrey Arensdorf is a citizen of Kansas as he was domiciled in Kansas before and since November 11, 2020.[11] His permanent residence is in Kansas.[12] The other defendant, Jefferey Wygul, is an individual. Defendant Wygul is a citizen of Tennessee as he was domiciled in Tennessee before and since November 11, 2020.[13] His permanent residence is in Tennessee.[14] Consequently, neither Defendant is/was a Texas citizen at the time of filing of the suit in state Court and at the time of removal. No change of citizenship of parties has occurred since the commencement of the action. Complete diversity of citizenship exists. There is complete diversity of citizenship of the parties and this Court would have original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).

## V.
## AMOUNT-IN-CONTROVERSY

12.     The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees. 28 U.S.C. § 1332(a). The petition filed by Plaintiff states that she "seeks between $200,000 and $1,000,000."[15] If the plaintiff seeks monetary relief and demands an amount that seeks the minimum jurisdictional amount of $75,000, defendant can rely on that demand to meet the jurisdictional requirement. 28 U.S.C. §1446(c)(2). Consequently, removal is proper under 28 U.S.C. § 1446(b) which provides for removal within 30 days after receipt of a "paper" which first shows that the case is removable.

---

[9] *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079-80 (5th Cir. 2008).
[10] Exhibit A, Affidavit of Jeffrey Arensdorf.
[11] *Id.*
[12] *Id.*
[13] Exhibit B, Affidavit of Jeffrey Wygul.
[14] *Id.*
[15] Exhibit 1 to Ex. A, *Plaintiff's Original Petition* ¶ 5.

4

## PRAYER

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it and any further relief to which these Defendants are entitled.

Respectfully submitted,

*/s/ Luis Rodriguez*
Luis Rodriguez
S.D. Tex. ID No. 28065
State Bar No.  24013416
Attorney-in-Charge for Defendants, Jeffery Wygul and Village Travel, LLC
P. O. Box 780
Corpus Christi, Texas  78403
Tel.: (361) 888-8041
FAX: (361) 888-8222
E-mail:  lrodriguez@cottenschmdit.com

OF COUNSEL:
COTTEN SCHMIDT LLP

## CERTIFICATE OF SERVICE

I certify that on February 12, 2021, a complete and correct copy of <u>Defendants' Joint Notice of Removal</u> was served on each party by delivery to the following attorneys of record in the manner indicated below:

<u>Via *FAX: 832-616-5576*:</u>
M. Paul Skrabanek
**PIERCE SKRABANEK, PLLC**
3701 Kirby Drive, Suite 760
Houston, Texas 77098
E-mail: paul@pstriallaw.com
E-mail: service@pstriallaw.com

*/s/ Luis Rodriguez*
Luis R. Rodriguez