# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LATISHA WASHINGTON | § § § § § § | |
| VS. | | C.A. _____ |
| JEFFERY WYGUL and VILLAGE TRAVEL, LLC | | Removed from 49TH District Court of Webb County, Texas |

## AFFIDAVIT OF JEFFREY ARENSDORF

**STATE OF KANSAS**

**COUNTY OF SEDGWICK**

BEFORE ME, the undersigned authority on this day personally appeared Jeffrey Arensdorf, who being sworn, deposed and stated as follows:

"I am over the age of twenty-one and am fully competent to make this Affidavit. I have personal knowledge of the matters stated in this affidavit, and the statements are true. I am the owner, sole member, and manager of Village Travel, LLC. I am personally familiar with the general business operations of Village Travel, LLC through my position with the company. Village Travel, LLC was formed and organized in Kansas. The principal place of business of Village Travel, LLC before November 11, 2020, and currently is 4255 N. Ridge Rd., Wichita, Kansas 67205. The address of Village Travel, LLC's company headquarters and principal executive offices are in Wichita, KS before November 11, 2020 and currently. Village Travel, LLC's executive leadership directs, controls and coordinates the corporate and business activity of Village Travel, LLC from Wichita, Kansas. Village Travel, LLC does not have any terminals in Texas. On or about November 11, 2020, one of Village Travel, LLC's employees, Jeffrey Wygul, was in a traffic incident that allegedly involved Latisha Washington, in Laredo, Texas.

Village Travel was served with a summons and Plaintiff's Original Petition arising from the traffic incident involving Ms. Washington through certified mail on January 26, 2021. A copy of the lawsuit is attached as Ex. 1.

"Village Travel, LLC has one member who owns the company. Before November 11, 2020, and currently, I am the sole member of Village Travel, LLC. I live and reside in Wichita, Kansas. I maintained my residence and permanent domicile in Wichita, Kansas continuously for several years before the incident of November 11, 2020. I am a citizen of Kansas. Throughout 2020 and for the foreseeable future, I intend to reside and live in Kansas permanently. I have never lived in Texas."

I certify that the above information is true and correct."

FURTHER AFFIANT SAYETH NOT.

_____
Jeffrey Arensdorf

SWORN TO AND SUBSCRIBED before me this 9 day of February 2021

_____
Notary Public, State of Kansas

PAMELA SCHRANT
Notary Public - State of Kansas
My Appt. Expires 04/01/2021

# EXHIBIT A-1

Filed
1/8/2021 9:54 AM
Esther Degollado
District Clerk
Webb District
Diana Vela
2021CVA000042D

CAUSE NO. 2021CVA000042D1

| | | |
|---|---|---|
| Latisha Washington | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| v. | § § | WEBB COUNTY, TEXAS |
| Jeffery Wygul and Village Travel, LLC | § § § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Plaintiff Latisha Washington complains of Jeffery Wygul and Village Travel, LLC and would respectfully show the Court the following:

### I.

### Nature of Action

1. Plaintiff suffered injuries as a result of being struck by Defendant's vehicle.

### II.

### Discovery Level

2. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3. The claims asserted arise under the common law of Texas.

4. Venue is proper because the incident occurred in this County.

5. Plaintiff seeks between $200,000 and $1,000,000.

1

## IV.

## Parties

6. Plaintiff is a resident of Florida.

7. Defendant Jeffery Wygul is a Tennessee resident that may be served by personal delivery to 6435 Keswick Drive, Memphis, Tennessee 38119.

8. Defendant Village Travel, LLC is a Kansas company that may be served through its registered agent Mark Johnstone, 3823 South Alameda, Corpus Christi, Texas 78411.

## V.

## Facts

9. On or about November 11, 2020, Plaintiff suffered severe and debilitating injuries as a result of Defendant's negligence. Wygul was driving for Village Travel on the date in question and was cited as a cause of the incident in the police report. Specifically, Defendant lost control of the bus he was driving wherein Plaintiff and other persons were passengers. As a result of the collision, Plaintiff suffered severe injuries to her neck, back, and other parts of her body.

## VI.

## Causes of Action

**A.   Negligence.**

10. Plaintiffs repeat and reallege each allegation contained above.

11. Plaintiffs sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to control his vehicle's speed;

2

- Failed to operate his vehicle safely;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance; and
- Other acts so deemed negligent or grossly negligent.

- Failed to operate his vehicle safely;
- Failed to keep a proper lookout;
- Failed to maintain a safe distance; and
- Other acts so deemed negligent or grossly negligent.

12. As a result of Defendant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for his injuries.

**B. Negligent Hiring.**

13. Plaintiffs repeat and reallege each allegation contained above.

14. Plaintiffs sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Wygul as a potential employee.
- Failure to properly follow up on information not provided by Mr. Wygul in the interview process.
- Failure to conduct a proper employment and background check.
- Failure to sufficiently investigate Mr. Wygul's training, prior employment, criminal record, and past.
- Failure to perform the required screening, testing, and physical of Mr. Wygul.
- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.
- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**C. Negligent Training.**

15. Plaintiffs repeat and reallege each allegation contained above.

3

16. Plaintiffs sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Wygul.

- Failure to provide the necessary training to Mr. Wygul regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Wygul, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.   Negligent Supervision, Retention, and Monitoring.**

17. Plaintiffs repeat and reallege each allegation contained above.

18. Plaintiffs sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Wygul to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Wygul to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Wygul, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Wygul to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Entrustment.*

19. Plaintiffs repeat and reallege each allegation contained above.

20. Plaintiffs sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to Jeffery Wygul who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## VII.

### Discovery To Defendants

21. Plaintiff refers you to the attached Interrogatories, Request for Production, Request for Disclosure, and Request for Admissions and notifies you that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## VIII.

### Prayer

Plaintiffs pray for relief and judgment in a monetary amount over $1,000,000, as follows:

- Past and future medical damages;

- Past and future loss of earnings;

- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Exemplary damages;
- Interest on damages (pre- and post-judgment) in accordance with law;
- Costs of court;
- Such other and further relief as the Court may deem just and proper.

## IX.

### Jury Trial Demanded

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*

M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
service@pstriallaw.com

**ATTORNEYS FOR PLAINTIFF**